APPENDIX LCvR 16.1.A

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COURTHOUSE NEWS SERVICE, | : | CASE NO. 2:23-cv-1459 |
| | : | |
| Plaintiff, | : | Judge Christy Criswell Weigand |
| v. | : | Magistrate Judge Kezia O.L. Taylor |
| | : | |
| MICHAEL MCGEEVER, in his official capacity as Clerk of the Allegheny County Court of Common Pleas, | : : : : | |
| Defendant. | : | |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

      Counsel for the parties and unrepresented parties shall confer regarding the matters identified herein and prepare a signed report in the following form to be filed at least 21 days before the Initial LCvR 16.1 Scheduling Conference or at such other time as ordered by the court. This report form may be downloaded from the Court's website as a word-processing document and the information filled in as requested on the downloaded form. The dates to be provided in the report are suggested dates and may be accepted or modified by the Court.

1. **Identification of counsel and unrepresented parties**:

    Brian T. Must, Esquire
    Metz Lewis Brodman Must O'Keefe LLC
    444 Liberty Avenue, Suite 2100
    Pittsburgh, PA 15222
    Telephone: (412) 918-1100
    Fax: (412)918-1199
    Email: bmust@metzlewis.com
    *Attorney for Plaintiff*
    *Courthouse News Service*

    Frances M. Liebenguth, Esquire
    Jake S. Lifson, Esquire
    Allegheny County 445 Fort Pitt Blvd.
    Suite 300
    Pittsburgh, PA  15219
    Telephone:  412-350-1108
    frances.liebenguth@alleghenycounty.us
    jake.lifson@alleghenycounty.us
    Attorney for Michael McGeever, in his official capacity as Clerk of the Allegheny County Court of Common Pleas

2. **Set forth the general nature of the case**  This is a civil rights case, contending that the Defendant has and is violating the First Amendment rights of Plaintiff.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**  The Rule 26(f) conference was held on August 29, 2024.  Counsel for Plaintiff and Defendant attended.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: September 10, 2024.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:** Defendant previously filed a Rule 12(B)(6) motion, which this Court denied.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:** The parties have agreed to Early Neutral Evaluation and have selected an early Neutral. The parties anticipate that the Early Neutral Evaluation will be conducted within 90 days.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**: No changes needed.

8. **Subjects on which fact discovery may be needed**. All material issues raised in the Complaint and Answer, including any defenses raised by Defendant, and on any material issues raised in dispositive or injunctive motions

9. **Set forth suggested dates for the following**

    a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** October 31, 2024

    b. **Date by which any additional parties shall be joined:** October 31, 2024.

    c. **Date by which the pleadings shall be amended:** October 31, 2024.

    d. **Date by which fact discovery should be completed:** February 28, 2025.

    e. **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** The parties agree to conduct fact discovery and expert discovery in phases. The parties agree to first conduct fact discovery and elect to have a post-discovery status conference following the completion of fact discovery during which deadlines for expert discovery will be discussed/set.

    f. **Date by which plaintiff's expert reports should be filed:** The parties agree to conduct fact discovery and expert discovery in phases. The parties agree to first conduct fact discovery and elect to have a post-discovery status conference following the completion of fact discovery during which deadlines for expert discovery will be discussed/set.

      **g.**    **Date by which depositions of plaintiff's expert(s) should be completed:**
The parties agree to conduct fact discovery and expert discovery in phases. The parties agree to first conduct fact discovery and elect to have a post-discovery status conference following the completion of fact discovery during which deadlines for expert discovery will be discussed/set.

      **h.**    **Date by which defendant's expert reports should be filed:**
The parties agree to conduct fact discovery and expert discovery in phases. The parties agree to first conduct fact discovery and elect to have a post-discovery status conference following the completion of fact discovery during which deadlines for expert discovery will be discussed/set.

      **i.**    **Date by which depositions of defendant's expert(s) should be completed:**
The parties agree to conduct fact discovery and expert discovery in phases. The parties agree to first conduct fact discovery and elect to have a post-discovery status conference following the completion of fact discovery during which deadlines for expert discovery will be discussed/set.

      **j.**    **Date by which third party expert's reports should be filed:** N/A.

      **k.**    **Date by which depositions of third party's expert(s) should be completed:** N/A

10. If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations: None.

11. Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

    **a.**    **ESI.** Is either party seeking the discovery of ESI in this case?
    x Yes        ☐ No [If "No," skip to sub-part (e) below.]

    **b.**    **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    xHave agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

        Documents will be produced in a reasonably usable format (e.g., searchable PDFs) with bates numbers, and with all accompanying metadata, unless otherwise agreed

.

        ☐ Have developed an ESI discovery plan (as attached).
        ☐ Will have an ESI discovery plan completed by
        ☐ NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for

        Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI.  If the parties are unable to do so, they should advise the Court promptly.

    c.    **Preservation.**  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
        ☐ Yes    ☒ No

    d.    **ADR**.  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
        ☐ Yes    ☒ No

    e.    **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

        xRequest the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
        ☐ Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
        ☐ Are unable to agree on appropriate non-waiver language.

    f.    **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
        ☐ Yes    ☒ No

    g.    **Other**. Identify all outstanding disputes concerning any ESI issues:

        _____

        _____

        _____

12.    Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  **Post-Discovery Status Conference following fact discovery.**

    a.    **Settlement and/or transfer to an ADR procedure;**

      b.      **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

      c.      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

      d.      **Dates by which parties' pre-trial statements should be filed;**

      e.      **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

      f.      **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

      g.      **Dates proposed for final pre-trial conference;**

      h.      **Presumptive and final trial dates.**

13. Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c): N/A

14. Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:

    No.

15. If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:

16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration: There has been tentative settlement discussions.

Dated:  September 3, 2024          Respectfully submitted,

                                              */s/Frances M. Liebenguth*
                                              Frances M. Liebenguth, Assistant County Solicitor
                                              Pa. I.D. 314845
                                              */s/Jake S. Lifson*
                                              Jake S. Lifson, Assistant County Solicitor
                                              Pa. I.D. 201384
                                              Allegheny County Law Department
                                              300 Fort Pitt Commons Building
                                              445 Fort Pitt Boulevard

                      Pittsburgh, PA 15219
                      Telephone:  (412) 350-1108
                      Virginia.Scott@alleghenycounty.us
                      Frances.Liebenguth@alleghenycounty.us

                      *Counsel for Defendant*

Dated:  September 3, 2024        Respectfully submitted,

                      */s/Brian T. Must*
                      Brian T. Must, Esquire
                      PA I.D. No.:  49657
                      Metz Lewis Brodman Must O'Keefe LLC
                      444 Liberty Avenue, Suite 2100
                      Pittsburgh, PA 15222
                      Telephone: (412) 918-1100
                      Fax: (412)918-1199
                      Email: bmust@metzlewis.com

                      *Attorney for Plaintiff*
                      *Courthouse News Service*